UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR ODALE BROCKMAN,

                Petitioner,        CASE NUMBER: 12-15477
v.                                      HONORABLE VICTORIA A. ROBERTS
                                               UNITED STATES DISTRICT COURT JUDGE
STEVE RIVARD,

                Respondent,
_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION TO APPOINT COUNSEL**

**I. INTRODUCTION**

      This matter is before the Court on Petitioner's motion to appoint counsel. Mr. Brockman seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* petition, Mr. Brockman challenges his guilty plea conviction for one count of controlled substance delivery/manufacture less than 50 grams under MCL 333.74012A4.

      Mr. Brockman claims he involuntarily pled guilty because he lacked understanding of the essential elements of the charge he pled to. Mr. Brockman also claims that the ineffective assistance of counsel led to an involuntary and unintelligent guilty plea. He also says that he is actually innocent.

**II. ANALYSIS**

      Mr. Brockman seeks the appointment of counsel under 18 U.S.C. § 3006A *et seq*. He claims the interests of justice favor appointment of counsel where petitioner lacks knowledge of the law governing the relief sought. Mr. Brockman contends that counsel may be necessary to conduct evidentiary hearings and develop the record in order to resolve the dispute over his

1

innocence. Mr. Brockman alleges he is financially eligible and cannot afford counsel. He supports this allegation with an affidavit of indigency.

The Court denies this motion. There is no fundamental right to counsel in federal habeas corpus proceedings. *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir.1995); unless an evidentiary hearing is necessary, appointment of counsel in habeas corpus proceedings is within the court's discretion. *Id. See also*, *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir.1994) ("In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the [plaintiff's] ability to investigate and present his claims, along with any other relevant factors."). Appointment of counsel is only required under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993).

Mr. Brockman's claims that he was misled by ineffective counsel, and that his guilty plea was entered involuntarily and unintelligently, are not factually or legally complex. *See Hoggard*, 29 F.3d 469, 471 (involuntary guilty plea and ineffective counsel issues were not so complex that petitioner was unable to intelligently present his claims; he clearly stated his claims and the court denied counsel). And, Mr. Brockman demonstrates a clear understanding of his claims. He describes in detail the elements of the original charge against him, the arraignment proceedings, the factual circumstances indicating a failure to receive adequate notice of the elements of the offense charged, and the possibility of ineffective assistance of counsel.

Mr. Brockman elucidated his claims clearly and with substantial support. The interests of justice do not require the Court to appoint counsel for him at this time. If the Court determines that an evidentiary hearing or discovery are necessary, the Court may revisit Mr. Brockman's

motion.

Mr. Brockman's motion to appoint counsel is **DENIED** without prejudice. The Court will reconsider his request for counsel if, following complete review of the responsive pleadings and the Rule 5 materials, the Court determines that appointment of counsel is necessary.

### III. CONCLUSION

Petitioner's Motion for Assignment of Counsel [Dkt. No. 13] is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's motion following comprehensive review of the pleadings and the Rule 5 materials. Petitioner need not file any additional motions in regard to this issue.

**IT IS ORDERED.**

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 16, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Omar Brockman by electronic means or U.S. Mail on October 16, 2013.<br><br>s/Linda Vertriest<br>Deputy Clerk |