UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR ODALLE BROCKMAN,

    Petitioner,                                       Civil No. 2:12-CV-15477
                                                        HONORABLE VICTORIA A. ROBERTS
v.                                            UNITED STATES DISTRICT JUDGE

STEVE RIVARD,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Omar Odale Brockman, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* habeas petition, Petitioner challenges his conviction for possession with intent to deliver less than fifty grams of cocaine, M.C.L.A. 333.7401(2)(a)(iv), and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was charged in a criminal complaint with one count of Controlled Substance—Delivery/Manufacture (Narcotic or Cocaine) Less than 50 Grams, and one count Operating—License Suspended, Revoked, Denied/Allowing Suspended Person to Operate—Second or Subsequent Offense Notice. Petitioner was also charged with being

a third felony habitual offender.

A preliminary examination was conducted in the 46th District Court on July 25, 2005.  Petitioner was pulled over by the police on July 14, 2005 because his vehicle appeared to have an expired license plate.  When one officer requested Petitioner's driver's license, Petitioner informed him that his license was suspended.  Petitioner was arrested.  During the booking process, Petitioner stood up and a plastic sandwich baggie containing crack cocaine, a razor blade, and packaging material fell to the floor.  Officer Jason Schneider picked up the baggie and Petitioner asked him how much time he was going to do for it.  When Officer Schneider told him that he did not know, Petitioner informed the officer that he used cocaine.  The baggie contained numerous rocks of crack cocaine of different sizes with different packaging.  $133.00 was also recovered from Petitioner. (Tr. 7/25/05, pp. 5-8, 14-19).  Officer Dante Elmore was qualified as an expert regarding possession with intent to deliver narcotics.  Officer Elmore opined that Petitioner intended to sell the cocaine based on the items that were recovered from Petitioner at the time of his booking. (*Id.,* pp. 27-29).

On August 15, 2005, Petitioner was bound over for trial. (Tr. 8/15/05, p. 6).

After the bindover, Petitioner was arraigned in August 2005 on the charges.  Petitioner was given a copy of the general information.  The general information provided to Petitioner at the arraignment, states with respect to the cocaine charge:

> COUNT 1, CONTROLLED SUBSTANCE-DELIVERY/MANUFACTURE
> (NARCOTIC OR COCAINE) LESS THAN 50 GRAMS.

Beneath this heading, the information alleges that Petitioner:

"did possess with intent to deliver less than 50 grams of a mixture containing the controlled substance Cocaine; Contrary to the statute in such case and made and provided and against the peace and dignity of the People of the State of Michigan.

The information then cited to M.C.L.A. 333.7401(2)(a)(iv).

On September 1, 2005, Petitioner pled guilty as charged in Oakland County Circuit Court. The judge indicated that in exchange for the plea, he would enter into a *Cobbs* agreement with Petitioner and sentence him to one year in the county jail. [1] (Tr. 9/1/05, p. 4). At the plea, Petitioner informed the judge: "I was in possession of crack cocaine, and I was attempting to deliver." When asked if he intended to deliver the cocaine, or give it or share it with someone else, Petitioner replied "yes." (*Id*. at 9-10).

On September 15, 2005, Petitioner was sentenced to one year in jail and to two years' probation. Petitioner was also sentenced to 183 days in jail for driving while his license was suspended. [2] (Tr. 9/15/05, p. 10).

Petitioner subsequently pled guilty to violating the terms of his probation. (Tr. 5/17/07, pp. 3-12). On May 31, 2007, Petitioner was sentenced to 250-to-480 months in prison. (Tr. 5/31/07, p. 4).

Petitioner filed an appeal, claiming that his sentence was invalid. Petitioner's

---

[1] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 Fed. Appx 701, 703 n.1 (6th Cir. 2007).

[2] Petitioner does not challenge his driving on a suspended license conviction in his habeas petition.

3

sentence was affirmed on appeal. *People v. Brockman*, No. 284456 (Mich. Ct. App. June 16, 2008); *lv. den.* 482 Mich. 1078, 758 N.W.2d 257 (2008).

Petitioner filed a motion to vacate his guilty plea, which was treated by the trial court as a post-conviction motion for relief from judgment and denied. *People v. Brockman,* No. 05-203785-FH (Oakland County Circuit Court, October 12, 2009); *reconsideration den.* November 9, 2009. The Michigan appellate courts denied Petitioner leave to appeal. *People v. Brockman*, No. 300485 (Mich. Ct. App. June 9, 2011); *lv. den.* 490 Mich. 969, 806 N.W.2d 515 (2011), *reconsideration den.* 491 Mich. 912, 810 N.W. 2d 900 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) Petitioner's plea of guilty was involuntary because he received inadequate notice of the charge, (2) trial counsel was ineffective for failing to inform Petitioner of the elements of the charge that he pleaded guilty to, and (3) trial counsel was ineffective for advising Petitioner to plead guilty.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

5

disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

### III.  Discussion

The Court discusses Petitioner's claims together because they are interrelated. [3] Petitioner claims that his plea of guilty was involuntary and unintelligently made because he received inadequate notice from either the trial judge or his counsel that he would plead guilty to a delivery of cocaine charge, when the evidence did not support such a charge. Petitioner further claims that trial counsel was ineffective for advising him to

---

[3] Respondent suggested that this Court decline to review Petitioner's claims under the concurrent sentence doctrine, because Petitioner is serving a sentence of twenty five to seventy years in prison for a second-degree murder conviction in another case. The concurrent sentence doctrine allows a federal court to decline to review habeas corpus petitions "which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions." *Wilson v. Straub,* 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002)(internal quotation omitted). However, a federal district court should exercise its discretion to decline to review a habeas claim under the concurrent sentence doctrine only in cases where it is clear that there are no collateral consequences to the petitioner and the issue does not involve a significant question that merits consideration. *Id.* "The concurrent sentencing doctrine is a discretionary one, and courts 'are admittedly hesitant to apply [it].'" *Groves v. Meko*, 516 Fed. Appx. 507, 508 (6th Cir. 2013)(quoting *Dale v. Haeberlin*, 878 F.2d 930, 935, n. 3 (6th Cir. 1989)). The Court declines to invoke the concurrent sentence doctrine because Respondent made no effort to demonstrate a lack of collateral consequences attaching to Petitioner's convictions. *Pillette v. Berghuis*, 408 Fed. Appx. 873, 886, n. 8 (6th Cir. 2010).

plead guilty to delivery of cocaine when Petitioner never delivered cocaine to anyone.

Respondent contends that petitioner's claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his direct appeal. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If Petitioner established that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

Petitioner claims that his plea of guilty was involuntary because he was not informed that the actual transfer of cocaine was an element of the possession with intent to deliver cocaine charge that he pleaded guilty to.

A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must

also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is true that where a defendant pleads guilty to a crime without having been informed of the crime's elements, the voluntary, knowing, and intelligent standard for a guilty plea is not met and the plea is invalid. *See Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). However, a defendant is presumed to have been informed adequately by his or her defense counsel of the criminal charge to which he or she is pleading guilty, even when the trial court record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature or the elements of the charge have been explained to the defendant. *See Berry v. Mintzes,* 726 F. 2d 1142, 1147 (6th Cir. 1984). "The presumption is particularly appropriate where, as here, trial counsel was an experienced criminal lawyer." *Id.*

8

Petitioner claims that his plea was involuntary because he was not informed that the actual transfer of cocaine was an element of the offense. Petitioner, however, did not plead guilty to delivery of cocaine but to possession with intent to deliver cocaine. Under Michigan law, to convict a defendant of possession with intent to deliver a controlled substance, the prosecution must prove: (1) that the recovered substance is a narcotic; (2) the weight of the substance; (3) that the defendant was not authorized to possess the substance; and (4) that the defendant knowingly possessed the substance with the intent to deliver it. *See People v. McGhee,* 268 Mich.App. 600, 622, 709 N.W.2d 595 (2005). An "[A]ctual delivery is not required to prove intent to deliver." *People v. Fetterley*, 229 Mich. App. 511, 517, 583 N.W. 2d 199 (1998). The delivery or transfer of cocaine was not an element of the offense of possession with intent to deliver cocaine; thus, neither the trial judge nor defense counsel were required to advise Petitioner of this element prior to him entering his plea of guilty.

To the extent that Petitioner claims that he was misled into believing from the information filed in Oakland County Circuit Court that he was pleading guilty to a delivery of cocaine charge, he would not be entitled to habeas relief. A state criminal defendant has a due process right to be informed of the nature of the accusations against him or her. *Lucas v. O'Dea,* 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *Cole v. Arkansas,* 333 U.S. 196,

201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul,* 843 F. 2d 918, 930 (6th Cir. 1988).

A complaint or indictment need not be perfect under state law so long as it adequately informs the habeas petitioner of the crime in sufficient detail so as to enable him or her to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F. 2d 636, 639 (6th Cir. 1986); *See also Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002). Most importantly, a criminal defendant's due process right to clear notice of criminal charges does not include the right to notice of the exact method by which the criminal actions were alleged to have been committed. *See Martin v. Kassulke,* 970 F. 2d 1539, 1543 (6th Cir. 1992).

Although the heading of the information was entitled "CONTROLLED SUBSTANCE-DELIVERY/MANUFACTURE (NARCOTIC OR COCAINE) LESS THAN 50 GRAMS," beneath this heading, the information alleged that Petitioner had possessed with intent to deliver cocaine. Petitioner had sufficient notice that he was pleading guilty to the charge of possession with intent to deliver less than fifty grams of cocaine. Additionally, a preliminary examination was conducted in this case, in which the police testified that Petitioner possessed cocaine under circumstances that evinced an

intent to deliver. An accused's constitutional right to notice of the criminal charge or charges brought against him or her can be satisfied by other means, such as a bill of particulars, a preliminary examination, and criminal pre-trial discovery. *United States v. Abernathy*, No. 08–20103, 2009 WL 2843917, at *1 (E.D. Mich. September 1, 2009)(citing *Dowell v. C.M. Lensing,* 805 F. Supp. 1335, 1343 (M.D. La. 1992)). Petitioner had adequate notice that he was pleading guilty to possession with intent to deliver cocaine.

Petitioner claims that trial counsel was ineffective for advising him to plead guilty to the possession with intent to deliver cocaine charge.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at

694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F. 3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. *Premo v. Moore,* 131 S. Ct. 733, 743 (2011)(citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty, because there would have been a reasonable chance that he or she would have been acquitted had he or she insisted on going to trial. *See*

12

*Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). The test of whether a defendant would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F. 3d 368, 373 (6th Cir. 2012)(quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Petitioner failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005). Petitioner was charged with possession with intent to deliver less than fifty grams of cocaine, which carries up to twenty years in prison. Petitioner was also charged with being a third felony habitual offender, which allows a judge to double the maximum sentence on the underlying charge. *See People v. Edgett,* 220 Mich. App. 686, 688, 560 N.W.2d 360 (1996)(citing M.C.L.A. 769.11). Petitioner was thus facing a maximum sentence of forty years in prison. Defense counsel negotiated a sentence agreement with the judge for Petitioner to receive no more than one year in the county jail. Moreover, the police officers' testimony from the preliminary examination established compelling evidence of Petitioner's guilt to the possession with intent to deliver cocaine charge. Under the circumstances, trial counsel's advice to plead guilty in exchange for the judge's promise to sentence Petitioner to a one year county jail sentence was a

reasonable strategy. *See Bonior v. Conerly,* 416 Fed. Appx. 475, 479 (6th Cir. 2010). Petitioner is not entitled to habeas relief on his claims.

## IV. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting

an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. ORDER

**The Court DENIES** the Petition for Writ of Habeas Corpus and a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

                                                   s/Victoria A. Roberts
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated:  January 15, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Omar Brockman by electronic means or U.S. Mail on January 15, 2014.

s/Holly A. Monda for Carol A. Pinegar
Deputy Clerk